# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0119, <u>State of New Hampshire v. Aldo Batista Dos Santos</u>, the court on February 11, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm the defendant's convictions, and affirm in part and vacate in part his sentence.

The defendant, Aldo Batista Dos Santos, appeals his conviction, following a jury trial in Superior Court (<u>Colburn</u>, J.), on charges of felonious and misdemeanor sexual assault. <u>See</u> RSA 632-A:3, :4 (Supp. 2015). He argues that the trial court erred by granting the State's motion <u>in</u> <u>limine</u> to admit evidence of uncharged sexual conduct over his objection that such evidence was inadmissible pursuant to New Hampshire Rule of Evidence 404(b). He further argues that the trial court engaged in plain error, <u>see</u> <u>Sup. Ct. R.</u> 16-A, by imposing a "no-contact" order and certain other conditions of his sentence contrary to our opinion in <u>State v. Towle</u>, 167 N.H. 315, 327-28 (2015).

We first address whether the trial court erred by granting the State's motion to admit evidence of uncharged sexual conduct. We review the trial court's evidentiary ruling for an unsustainable exercise of discretion, reversing only if it was clearly untenable or unreasonable to the prejudice of the defendant's case. <u>State v. Nightingale</u>, 160 N.H. 569, 573 (2010). Because the trial court ruled on the evidentiary issue prior to trial, we consider only what was before it at the pretrial hearing. <u>Id</u>.

The defendant was the victim's martial arts instructor. The felony assaults occurred at the defendant's Nashua home following a Saturday morning martial arts class that he taught in Lowell, Massachusetts. The victim was thirteen years old at the time of the assaults.

On the morning of the assaults, the defendant picked the victim up at her residence, and drove her to the Lowell martial arts studio; they were alone during the ride. They arrived early for the class, and after passing by a janitor, they were again alone for a period of time before other students began to arrive. Following the class, rather than taking the victim directly to her home, the defendant brought her to his Nashua residence, where he committed the charged felonious sexual assaults in his shower and on his bed.

In its motion in limine, the State sought to introduce evidence of the following uncharged acts. First, during the ride to Lowell, the defendant placed his hand on the victim's upper thigh and began to rub it. Second, after they arrived at the studio, he brought the victim into the men's changing room, undressed in front of her, and then approached her, placed his hands around her waist, and kissed her, inserting his tongue into her mouth. He then instructed the victim to change, and watched her as she undressed. Finally, after the defendant and victim had changed into their training clothes, the defendant brought the victim into the studio, instructed her to lie down on her side, and lay behind her, placing his arm over her waist in a "spooning" position. They lay together in that position for a few minutes until the door to the studio opened, at which point the defendant immediately got up.

In granting the State's motion, the trial court found that the uncharged acts were "inextricably intertwined" with, and "intrinsic" to, the charged assaults. Thus, the trial court concluded that the uncharged acts were not "[e]vidence of other crimes, wrongs, or acts" for purposes of Rule 404(b), but instead constituted res gestae evidence subject only to review under New Hampshire Rule of Evidence 403. See State v. Wells, 166 N.H. 73, 77-79 (2014). On appeal, the defendant argues that, because the uncharged acts were separated from the charged assaults both spatially and temporally, they could not constitute res gestae evidence as a matter of law. He further argues that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice for purposes of Rule 403. We disagree.

Rule 404(b) "excludes only extrinsic evidence – evidence of other crimes, wrongs, or acts – whose probative value exclusively depends upon a forbidden inference of criminal propensity." Id. at 77 (quotation omitted). "Other acts" that are "intrinsic" to the charged crime – that is, acts that are "inextricably intertwined" with the charged crime, part of a "single criminal episode" involving the charged crime, or "necessary preliminaries" to the charged crime – constitute res gestae evidence, and are not excluded by Rule 404(b). Id.; see State v. Dion, 164 N.H. 544, 551 (2013). Such evidence "is admissible under the rationale that events do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of the charged act so that it may realistically evaluate the evidence." Wells, 166 N.H. at 78 (quotation and brackets omitted). However, the evidence still must satisfy the balancing test of Rule 403. Id. at 79.

In this case, the trial court observed that the defendant's conduct occurred within as little as two hours, and no more than half a day, of the charged assaults, and that it constituted "a continuous progression of behavior" leading to the charged assaults. Although the uncharged acts may have occurred prior to, and in a different location from, the charged assaults, these factors do not necessarily disqualify them from constituting res gestae

2

evidence. See, e.g., Dion, 164 N.H. at 550-51 (finding that evidence of the defendant's cell phone use during a thirty-seven minute car ride prior to a fatal collision with a pedestrian was intrinsic to the charge that the defendant was so distracted by her cell phone that she failed to avoid the victim). Here, we conclude that the trial court reasonably could have found that the uncharged acts were not isolated events, but were part of the same episode that culminated in the charged assaults and, thus, intrinsic to the assaults.

The trial court likewise reasonably could have determined that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. "Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." Wells, 166 N.H. at 79 (quotation omitted). Here, the trial court found that the uncharged acts were "directly probative," and "complete[d] the story," of the charged assaults. Excluding such evidence would have left the jury with an incomplete account of what transpired prior to the charged assaults. Id. at 78. Moreover, as the trial court observed, the uncharged acts were no more emotionally-charged than the charged acts. See id. at 80-81. Upon this record, we cannot say that the trial court's decision to grant the State's motion was clearly untenable or unreasonable to the prejudice of the defendant's case. Nightingale, 160 N.H. at 573.

Finally, we address whether the trial court plainly erred by imposing a "no-contact" order in the defendant's sentence, and by imposing several conditions to the sentence in an addendum. The State concedes that the trial court lacked authority, under Towle, 167 N.H. at 327-28, to impose the no-contact order, or any of the conditions contained within the addendum. Accordingly, we vacate both the no-contact provision of the defendant's sentence and the addendum to the sentence. In all other respects, the defendant's sentence is affirmed.

Convictions affirmed; sentence affirmed in part and vacated in part.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

3